UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTINE RZANCA,

   Plaintiff,            Hon. Janet T. Neff

v.                  Case No. 1:08-cv-01079

ALCOA LTD PLAN,

   Defendant.
_____/

**REPORT AND RECOMMENDATION**

   This matter is before the Court on Plaintiff's Application for Default Judgment Pursuant to Fed.R.Civ.P. 55(b)(2) (Dkt. 11), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation. This matter was set for hearing on October 20, 2009, and counsel for Plaintiff appeared on her behalf. For the reasons that follow, the court recommends that Plaintiff's Application be granted.

   Plaintiff claims long term disability wage loss payments for a net benefit, after offsets, of $713.40 per month, resulting in a net after tax payment to Plaintiff in the amount of $682.37 per month. Plaintiff, through the date of her application in June 2009, had accrued unpaid benefits totaling $8,560.80. When the additional four months until the date of hearing is added, Plaintiff is entitled to benefits in the amount of $11,414.40.

   Plaintiff is also entitled to penalty interest payment under the Michigan Unfair & Prohibited Trade Practices & Frauds Act of 12% for benefits not timely paid within 60 days after receipt of proof

of loss.  *See*, MCL 500.2006 et seq.  The $713.40 monthly amount starting May 30, 2008 began to accrue the 12% penalty interest on July 30, 2008.

The federal district court may also impose fines and penalties under 29 U.S.C. § 1132(c) of up to $110.00 per day, for a plan's failure to respond to a request for relevant plan documents.  Plaintiff requested the plan documents on May 20, 2008 and renewed that request on August 14, 2008 and again by certified letter on September 23, 2008. She received no response prior to filing this action on November 3, 2008, a total of 167 days from the original request.  Thus, Plaintiff is entitled to penalties of $15,070.00.

Plaintiff also seeks $5,868.40 in attorneys fees.  Successful claimants under the ERISA statute may be entitled to recover actual attorney fees and costs, 29 U.S.C. § 1132(g)(1).  The Sixth Circuit has set out certain factors in the case of *Secretary of Dept. of Labor v. King*, 775 F.2d 666 (6th Cir. 1985). These include: 1) the inference of Defendant's bad faith or culpability in the litigation; 2) Defendant's ability to satisfy this Judgment; 3) the deterrent effect on other Plan administrators to promptly satisfy reasonable document requests and supply the documents required by the ERISA statute and regulations; 4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and 5) the lack of merit in Defendant's position. The "King factors" do not all need to be satisfied. The undersigned finds that factors 1, 2 and 5 are satisfied since Defendant has completely failed to respond to Plaintiff's complaint.  The undersigned further finds the amount of fees to be reasonable as to time and hourly rate. Counsel for Plaintiff has supported its request for fees with a sworn affidavit as well as billing records. Therefore, the undersigned recommends that the Honorable Janet T. Neff enter a default judgment against ALCOA LTD Plan in the following amount:

| | |
|---|---|
| Past Due Benefits | $11,414.40 |
| 12% Penalty Interest | 1,369.72 |
| Past Due Penalties | 15,070.00 |
| Attorney Fees | 5,868.40 |
| TOTAL: | $33,722.52 |

The undersigned further recommends that the court order that ALCOA LTD Plan continue to make monthly long term disability payments to Plaintiff at the rate of $713.40 until such time as the policy specifies conditions that would result in termination of benefits.

Respectfully submitted,

Date: October 29, 2009

 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).